UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HUGH ANDREW NICELEY, | |
| Petitioner, | Case No. 3:22-cv-00242 |
| v. | Judge Aleta A. Trauger |
| | Magistrate Judge Alistair E. Newbern |
| TENNESSEE DEPARTMENT OF CORRECTION, | |
| Respondent. | |

## **MEMORANDUM ORDER**

Petitioner Hugh Andrew Niceley has filed a motion for permission to conduct discovery in this habeas action brought under 28 U.S.C. § 2441. (Doc. No. 28.) The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial matters under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 6.)

Niceley's § 2241 petition alleges that Respondent the Tennessee Department of Correction (TDOC) miscalculated the concurrent and consecutive sentences Niceley is serving based on multiple convictions and has continued to incarcerate him past his sentence expiration date. (Doc. No. 1.) Niceley's motion for discovery seeks production of documents and interrogatory responses from TDOC and production of documents from the Tennessee Board of Parole (TBOP). (Doc. Nos. 28, 28-1.) TDOC has responded in opposition to Niceley's motion for discovery (Doc. No. 31), and Niceley has filed a reply (Doc. No. 34). For the reasons that follow, Niceley's motion will be denied.

## I. Relevant Background

### A. Entries of Judgment and Sentences

The events underlying the sentencing calculations that Niceley challenges are difficult to recount succinctly. The Court summarizes the background statement of Niceley's memorandum in support of his petition as follows:

In 1994, a Robertson County Criminal Court jury convicted Niceley of seven counts of aggravated rape (Counts 1–7), one count of aggravated sexual battery (Count 8), and one count of rape of a child (Count 9). The trial court initially sentenced Nicely to 15 years for each of Counts 1–7, to be served at 30%; 8 years for Count 8, to be served at 30%; and 15 years for Count 9, to be served at 30%. The trial court ordered that Counts 2–7 be served consecutive to Count 1, that Count 8 be served consecutive to Counts 2–7, and that Count 9 be served consecutive to Count 8. Under this judgment, Niceley would serve Count 1 (15 years/30%) + Counts 2–7 (15 years/30%) + Count 8 (8 years/30%) + Count 9 (15 years/30%).

In 1996, the Tennessee Court of Criminal Appeals set aside Niceley's convictions on Counts 4–7, which did not affect the calculation of his sentence under the original scheme.

On March 18, 1999, the Acting Manager of TDOC's Sentence Computation Services notified Judge Robert Wedemeyer of an "upcoming change" in the calculation of Niceley's sentence. (Doc. No. 1-2, PageID# 28.) TDOC stated that it had calculated Niceley's sentence for Count 9, the child rape offense, as mandatorily served at 100% with no release eligibility date pursuant to Tennessee Code Annotated § 39-13-523 instead of the 30% stated in Wedemeyer's judgment. (Doc. No. 1-2.) TDOC noted that the Attorney General "mandates" that TDOC "recalculate these illegal sentences and [ ] certify offenders for parole once eligible" and that it would "be recalculating Mr. Niceley's sentence to comply with the orders of the Robertson County court" and to "reflect a release eligibility date based on 30% of the fifteen-year sentence" for

2

Count 9. (*Id.* at PageID# 28.) TDOC asked Judge Wedemeyer to "advise . . . if it is not the intent of the court for Mr. Niceley to have a calculated release eligibility date by having an amended or corrected order forwarded." (*Id.*)

On April 5, 1999, Judge Wedemeyer entered amended judgments for Niceley's sentences on all of his remaining convictions requiring that each sentence be served at 100% "pursuant to TCA 39-13-523." (Doc. No. 1-3, PageID# 30–38.) Judge Wedemeyer also changed the offense listed in Count 8 from aggravated battery to aggravated rape.[1] (Doc. No. 1-3)

On July 9, 1999, Judge Wedemeyer entered new amended judgments for Counts 1–8, indicating that those sentences be served at the "[s]tandard 30% [r]ange." (Doc. No. 1-4, PageID#40–47.) Judge Wedemeyer did not alter the judgment for Count 9, which remained to be served at 100%. (Doc. No. 1-4.)

On November 22, 2017, Robertson County Circuit Court Judge William R. Goodman, III, entered an "Order to Correct Discrepancies in Judgment Orders Herein."[2] (Doc. No. 1-6, PageID# 55.) Judge Goodman stated that:

> By amended judgments entered on 4-5-99, counts 1, 2, 3, 8 and 9 were Ordered to be served at 100%. In fact, only count 9 is subject to 100% service because it is a sentence pursuant to the Sentence Reform Act of 1989, as amended by Acts of 1992, Chapter 878, effective July 1, 1992.

(*Id.*)

---

[1]    Niceley has filed a separate action under 28 U.S.C. § 2254 in which he challenges the way in which Judge Wedemeyer amended his judgments and sentences. *See* Complaint, *Niceley v. Parris*, No. 3:20-cv-00088 (M.D. Tenn. Jan. 31, 2020), ECF No. 1.

[2]    In 2003, Niceley moved for post-conviction relief in state court on grounds that he had received ineffective assistance of counsel. *Nicely v. State*, No. M2006-01892-CCA-R3-PC, 2008 WL 544600, at *2 (Tenn. Crim. App. Feb. 22, 2008). The trial court granted Niceley's petition and the State appealed. *Id.* at *5. Niceley was released on bond from 2006 to 2008, when the Court of Criminal Appeals reversed the trial court's grant of post-conviction relief. *Id.* at *15.

3

Judge Goodman set aside the amended judgments entered on April 5, 1999, and reinstated the original judgments for Counts 1–8. Judge Goodman left in place the April 5, 1999 amended judgment for Count 9.[3]

Niceley states that he inquired about his release date after Judge Goodman's order and "was advised that TDOC had calculated that his sentences would not expire until 2036. In contrast, Petitioner Niceley calculated that his sentences, with all appropriate credits, would expire on October 2018." (Doc. No. 1, PageID# 5, ¶ 4(i).)

## B.    Declaratory Judgment Action

In September 2018, Niceley filed a pro se petition for declaratory judgment under Tenn. Code Ann. § 4-5-225(b) in the Twentieth Judicial District Chancery Court in Davidson County. (Doc. No. 1-7.) Niceley's petition "challeng[ed] TDOC's calculation of his five criminal sentences and the impact on his sentence effective dates, release eligibility dates, and sentence expiration dates." (Doc. No. 1-12, PageID# 513.) Niceley attached several documents to his petition, including records from the Tennessee Offender Management Information System (TOMIS). (Doc. No. 1-7.)

After the Chancery Court denied TDOC's motion to dismiss Niceley's petition, TDOC filed a motion for summary judgment supported by a statement of undisputed material facts and an affidavit from Amber Phillips, TDOC's Assistant Director of Sentence Management Services. (Doc. No. 1-10.) Phillips stated, among other things, that TDOC "would not know the end date for [Niceley's] fourth prison term until the Tennessee Board of Parole determined 'how much of [the third term] . . . would have to be served.'" *Niceley v. Tenn. Dep't of Corr.*, No. M2019-02156-

---

[3]    Judge Goodman did not address the second set of amended judgments entered by Judge Wedemeyer on July 9, 1999.

4

COA-R3-CV, 2020 WL 6581831, at *1 (Tenn. Ct. App. Nov. 10, 2020) (second and third alterations in original). "Niceley filed a response in opposition to TDOC's motion for summary judgment, but did not separately respond to TDOC's statement of undisputed material facts" and "instead relie[d] on his Petition and its attachments." (Doc. No. 1-12, PageID# 515 (footnote omitted).)

The Chancery Court summarized Niceley's claims and the TDOC's summary judgment arguments as follows:

> On May 13, 1994, Mr. Niceley originally was convicted of seven counts of aggravated rape, one count of aggravated sexual battery, and one count of child rape. On appeal, the convictions for 4 counts were overturned, and the State elected not to retry those charges. On July 8, 1994, Mr. Niceley was sentenced as follows:

> > Count 1 – sentenced to serve 15 years at 30%;

> > Counts 2 and 3 – sentenced to serve 15 years at 30% on each count, with [C]ounts 2 and 3 to be served concurrently, and consecutively to Count 1;

> > Count 8 – sentenced to serve 8 years at 30%, to be served consecutively to Counts 2 and 3; and

> > Count 9 – sentenced to serve 15 years at 30%, to be served consecutively to Count 8. The trial court subsequently ordered that, in accordance with the Tennessee Criminal Sentencing Reform Act of 1989, the sentence for Count 9 was to be served at 100%.

> Mr. Niceley contends that TDOC has mismanaged each of his sentences and erred in calculating multiple aspects of his sentences, including sentence effective dates, period of ineligibility dates, and expiration dates. Specifically, Mr. Niceley raises the following issues:

> > Issue 1 - The TDOC erroneously has count 1 running concurrently with count 3.

> > Issue 2 - The TDOC erroneously determined the sentence effective date for count 1 is May 13, 1994.

> > Issue 3 - The TDOC failed to calculate the period of ineligibility for release, and the correct expiration date, for count 1;

Issue 4 - The TDOC failed to calculate the correct SEDs [sentence effective date], the periods of ineligibility for release, and the correct expiration dates for counts 2 and 3.

Issue 5 - The TDOC failed to calculate the correct SED, the period of ineligibility for release, and the correct expiration date for count 8.

Issue 6 - The TDOC failed to calculate the SED and the expiration date for count 9.

Petition, at p. 6. By Mr. Niceley's calculation, he contends that his final sentence expired on October 11, 2018, and he should already have been released.

TDOC moves for summary judgment, contending that there are no genuine issues of disputed material facts regarding Mr. Niceley's convictions and the sentences imposed. TDOC further contends that it TDOC [sic] has correctly calculated Mr. Niceley's sentences according to law. Specifically, TDOC maintains that:

1. TDOC correctly calculated the sentence effective date for Count 1;

2. TDOC correctly calculated Counts 2 and 3 as running concurrently with each other, and consecutively to Count 1;

3. Mr. Niceley is entitled to only one release eligibility date, and no such dates exist for Counts 1, 2, and 3;

4. TDOC correctly calculated the sentence effective dates and expiration dates for Counts 1 through 3 and Count 8;

5. The Board of Parole ("the Board") has already conducted multiple parole hearings, making a release eligibility date for Count 8 immaterial; and

6. Until the Board establishes a sentence effective date for Count 9, TDOC cannot establish a sentence expiration date for that count.

(*Id.* at PageID# 516–17 (second alteration in original).)

The Chancery Court found that Niceley "ha[d] not submitted any evidence upon which the Court c[ould] rely in determining whether genuine factual disputes exist[ed]" and "relie[d] instead on his unverified petition and attachments." (*Id.* at PageID# 521.) Nevertheless, the Chancery Court "examined the facts set forth in the Petition and attachment[s] [ ], treat[ed] those facts as

true and supported by the record," and found that "there [we]re no genuine issues of disputed material facts." (*Id.*) Specifically, the Chancery Court found:

> There is no dispute regarding the date on which Mr. Niceley was sentenced, the length of the sentence imposed for each count, or the percentage of time to be served as to each count. There is no dispute regarding the number of pre-trial (or pre-sentencing) reduction credits to be applied to each of Mr. Niceley's sentences. There is no dispute that Mr. Niceley must serve his 15-year sentence for Count 9 at 100%. There is no dispute that Mr. Niceley's sentences were imposed under the Sentencing Reform Acts of 1982 and 1989.
>
> The issues Mr. Niceley raises in his Petition, and the central dispute between the parties, is the sentence effective date and sentence expiration date for each sentence. This dispute arises from Mr. Niceley's misunderstanding or misapplication of the current law as to how consecutive determinate sentences are calculated. This misunderstanding is not factual, but involves a question of law.

(*Id.* at PageID# 526–27.)

The Chancery Court identified and corrected Niceley's misunderstanding of how his pre-sentencing credits and behavioral credits were applied to the sentence effective date and release eligibility dates, respectively, for Count 1. It then addressed conflicting information reflected in printouts of TOMIS records documenting the sentence calculations for Counts 2 and 3, ultimately finding no difference in the applicable dates reflected for Count 2 and, because Counts 2 and 3 ran concurrently, ultimately no dispute as to the applicable dates for either sentence. Finally, the court addressed Niceley's misunderstanding of the now-invalidated concept of custodial parole established by *Howell v. State*, 569 S.W. 2d 428 (Tenn. 1978), and the single release eligibility date calculation established by the Sentencing Reform Acts of 1982 and 1989, Tenn. Code Ann. § 40-35-501(g) (1982) (repealed); Tenn. Code Ann § 40-35-501(m) (1989). The court found:

> Under both sentencing acts, the periods of ineligibility for release for multiple sentences are combined or added together, resulting in only one period of ineligibility for release. There is no separate period of ineligibility for release for Count 1, contrary to Mr. Niceley's argument. Further Mr. Niceley assumes that a release eligibility date equals "release," whether to custodial parole or otherwise. A release eligibility date, however, means only that an inmate is eligible for a parole hearing. Tenn. Code. Ann. § 40-35-501(n). If the Board does not grant parole, the

7

inmate must continue serving that sentence. Service of the next sentence does not begin until service of the prior sentence ends.

The Court finds that TDOC calculated Mr. Niceley's release eligibility date as required under Tenn. Code Ann. § 40-35-501(m). Under TDOC's calculation, Mr. Niceley's *latest* release eligibility date was 11.4 years after his sentence effective date of May 13, 1994, or September 2005. As TDOC points out, the Board granted Mr. Niceley multiple parole hearings, the first of which took place in December 2003. Parol[e] was not granted and his original release eligibility date is now immaterial. Mr. Niceley has now served complete sentences for Counts 1, 2, and 3, in their entirety, as reduced by credits he was entitled to and as required by law. Mr. Niceley currently is serving his sentence for Count 8. Until the Board grants Mr. Niceley parole or he serves the entirety of his sentence for Count 8, he will not begin to serve his sentence for Count 9. There are no disputed facts that Mr. Niceley is sentenced to serve 100% of his 15-year sentence for Count 9. The sentence effective date for Count 9 will not be established until the sentence expiration date for Count 8 is determined.

(Doc. No. 1-12, PageID# 522 (footnote omitted).)

Finding no genuine issues of material fact and no errors in the calculation of Niceley's sentence, the Chancery Court found that TDOC was entitled to summary judgment. (Doc. No. 1-12.)

Niceley filed a pro se appeal raising four issues in support of his argument that his correct release date was October 2018:

(1) Whether the first sentence became effective on the date the district attorney filed the judgment, or whether it became effective on the date calculated by the [TDOC]?

(2) Whether either the [TDOC] or the trial court had jurisdiction over the amended judgment for count 9?

(3) Whether the Board of Parole conducted custodial parole hearings on counts 1, 2, 3, and 8, without legal authority and jurisdiction of those counts?

(4) Whether TDOC correctly calculated [Niceley]'s sentences?

*Niceley v. Tenn. Dep't of Corr.*, 2020 WL 6581831, at *2; (Doc. No. 1-13).

The Tennessee Court of Appeals rejected Niceley's arguments and affirmed the trial court's judgment in a memorandum opinion issued on November 10, 2020. *Niceley v. Tenn. Dep't*

*of Corr.*, 2020 WL 6581831, at *2–3. The court found that any error in the effective date of Niceley's sentence for Count 1 was "immaterial" because Niceley received credit for time served before and after that date; that the Tennessee Court of Criminal Appeals had already determined that Niceley must serve 100% of his sentence for Count [ ]9 and that any argument otherwise based on jurisdiction was bared by res judicata; that Niceley had been given three parole hearings before October 2018 and had been denied parole at each; and that, because "[p]eriods of ineligibility for release are significant **only when determining whether an inmate is entitled to be considered for release on parole**" and because Niceley had been afforded three parole hearings, his arguments that TDOC incorrectly calculated his release eligibility date had no merit. *Id.*

The Tennessee Supreme Court denied Niceley's application for permission to appeal in a per curiam order issued on April 7, 2021. *Niceley v. Tenn. Dep't of Corr.*, No. M2019-02156-SC-R11-CV, 2021 Tenn. LEXIS 199 (Tenn. Apr. 7, 2021).

### C.    28 U.S.C. § 2241 Petition

Niceley initiated this action on April 6, 2022, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2441 with the assistance of counsel. (Doc. No. 1.) Niceley "[does] not challeng[e] the validity of his convictions or sentences as imposed. Rather, [ ] Niceley is challenging TDOC's calculation of his five criminal sentences (Counts 1, 2, 3, 8, and 9) and the impact of his sentence effective dates, release eligibility dates, and sentence expiration dates." (*Id.* at PageID# 11, ¶ 11.) Niceley states that his continued incarceration beyond his sentence expiration date violates the Fourteenth Amendment's Due Process Clause and the Eighth Amendment's prohibition of cruel and unusual punishment. (Doc. No. 1.) Niceley claims:

> A.    The Tennessee Department of Correction failed to fulfill its responsibility to calculate the sentence expiration date and the release eligibility date for [ ] Niceley.

9

B.     Despite that Tennessee Code Annotated section 40-35-501(m) requires TDOC to correctly calculate "the periods of ineligibility for release" for each consecutive sentence and add those periods together to determine the release eligibility date for the consecutive sentences, TDOC failed to do so for [ ] Niceley's sentences.

C.     Despite that Tennessee Code Annotated section 41-21-236(b) provides that prisoner sentence reduction credits (PSRC) "shall affect release eligibility and sentence expiration dates," TDOC failed to calculate [ ] Niceley's release eligibility date in light of PSRC.

D.     Despite that PSRC earned and retained may reduce an inmate's earliest release eligibility date by up to thirty percent (30%), Tenn. Code Ann. § 41-21-236(i), TDOC failed to calculate [Niceley's] release eligibility date with up to thirty percent (30%) of PSRC credited.

E.     Tennessee Code Annotated section 40-20-110, dealing with custodial parole, does not apply to a prisoner, such as [ ] Niceley, who was sentenced under the Tennessee Sentencing Reform Act of 1989 and who is serving consecutive determinate sentences.

F.     The Tennessee Board of Parole does not determine who is eligible for parole, does not calculate sentence expiration dates, and does not grant a date for a sentence to begin.

Summary of Supporting Facts: Appropriately calculated, [ ] Niceley's minimum sentence expiration date was July 12, 2018, and his maximum sentence expiration date was March 22, 2022.

(*Id.* at PageID# 12–13.)

TDOC filed a response to Niceley's petition (Doc. No. 20), as ordered by the Court (Doc. No. 8), and Niceley filed a reply (Doc. No. 27).

### D.     Niceley's Motion for Discovery

Niceley filed a motion for leave to conduct discovery under Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. No. 28.) The proposed discovery Niceley attached to his motion includes approximately sixteen requests for production and nineteen interrogatories addressed to TDOC and three requests for production addressed to the TBOP. (Doc. No. 28-1.) The requests for production seek TDOC and TBOP policy manuals and

written guidelines for sentence calculation and TDOC and TBOP files for Niceley's sentencing calculations and parole hearings. (*Id.*) The interrogatories address TDOC's sentencing calculation methods, TDOC's calculation of Niceley's sentences, and TDOC's determinations regarding Niceley's eligibility for parole and parole hearings. (*Id.*) Niceley argues that there is good cause for the Court to authorize discovery because "[d]iscovery, if granted, will be the first meaningful opportunity [ ] Niceley will have had to challenge how his sentences have been calculated." (Doc. No. 28, PageID# 949.)

TDOC opposes Niceley's motion for discovery, arguing that "the record before this Court is limited to the record that was before the state court that adjudicated [his] claim" and that Niceley "has not shown 'good cause' that entitles him to discovery." (Doc. No. 31, PageID# 1156.)

Niceley replies that "TDOC's argument wrongly conflates the standard of proof required to obtain ultimate relief with the standard necessary to obtain discovery" and that TDOC's "refus[al] to implement the sentencing commands set out in Tennessee Code section 40-35-501(m) . . . provides a compelling reason to allow [ ] Niceley to pursue some or all of his discovery requests." (Doc. No. 34, PageID# 1172–73.)

## II.     Legal Standard

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) ("Habeas petitioners have no right to automatic discovery." (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001))). Instead, Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows courts to permit discovery as a matter of discretion upon a fact-specific showing of

good cause.[4] Habeas R. 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."); *see also Thomas v. United States*, 849 F.3d 669, 680 (6th Cir. 2017) ("Rule 6(a) . . allows the district court to enable further discovery in a habeas proceeding where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief."); *Williams*, 380 F.3d at 974 ("Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" (alteration in original) (quoting *Bracy*, 520 U.S. at 908–09)).

"Before determining whether discovery is warranted, the court must first identify the essential elements of the claims on which discovery is sought." *Davidson v. Lebo*, No. 3:16-cv-1334, 2018 WL 4405576, at *7 (M.D. Tenn. Sept. 17, 2018) (citing *Bracy*, 520 U.S. at 904). The discovery requested must be materially related to the petitioner's claims and must be likely to "resolve any factual disputes that could entitle [the petitioner] to relief." *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460). "The burden of demonstrating the materiality of the information requested is on the moving party." *Id.* at 974 (quoting *Stanford*, 266 F.3d at 460).

"Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" *Id.* at 974 (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997)). Rather, "'the petitioner must set forth specific allegations of fact' . . . show[ing] that the requested

---

[4]    Courts apply Rule 6(a) to motions for discovery filed in habeas actions brought under § 2241. *Wilson v. Williams*, No. 4:20-cv-00794, 2020 WL 4548246, at *1 & n.10 (N.D. Ohio Aug. 6, 2020) (collecting authority); Habeas R. 1(b) (providing that district courts "may apply any or all of these rules to a habeas corpus petition not covered by" § 2254).

discovery could 'resolve any factual disputes that could entitle him to relief.'" *Id.* at 974–75 (first quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994); and then quoting *Stanford*, 226 F.3d at 460); *see also Stanford*, 226 F.3d at 460 (affirming district court's denial of habeas petitioner's discovery request where discovery sought "would not resolve any factual disputes that could entitle [petitioner] to relief, even if the facts were found in his favor").

## III.      Analysis

A petitioner seeking relief under § 2241 must show that "[h]e is in custody in violation of the Constitution or laws and treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). To prevail on his motion for discovery, Niceley must show that the discovery he requests is materially relevant to establishing that his sentence has been executed in violation of federal law and likely to "resolve any factual disputes that could entitle him to relief." *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460).

Niceley's motion for discovery does not identify the claims raised in his § 2241 petition, what he must show to prevail on those claims, or any factual disputes that the proposed discovery could resolve in his favor. Instead, Niceley devotes most of his briefing to presenting "an overview of three prevalent sentencing problems that collude to confine prisoners past the dates when they are legally entitled to be released from custody[.]" (Doc. No. 28, PageID# 949.) Niceley defines these problems as "the complex and time-consuming process for calculating release dates," "the ever-changing landscape of sentencing laws combined with sentence-management staff . . . who lack a fundamental understanding of the legal nuances required to accurately calculate and report sentencing information[,]" and "the lack of transparency" regarding sentence calculation methods. (*Id.*) He offers a "30,000-[f]oot [v]iew" of these problems by summarizing investigations of

corrections departments in Louisiana, Florida, Arizona, and Massachusetts. (*Id.* at PageID# 950.) Niceley states that his "request to pursue discovery deals with all three problems which have contributed, he maintains, to confining him past the date when he was legally and constitutionally entitled to be released." (*Id.*)

Nicely then identifies "Tennessee Problems" by describing the design and implementation of TDOC's TOMIS system and summarizing *Howard Atkins v. Tennessee Department of Correction*, filed in Davidson County Chancery Court, and *Ricky Harris v. Candace Whisman*, filed in this Court, which Nicely implies raise similar issues. (*Id.* at PageID# 955.) Niceley then lists thirteen "areas of concern to [Niceley] and his § 2241 action" that "[r]equire [a]mplification and [c]orroboration [t]hrough [d]iscovery":

- Previously unknown TDOC Sentence Computation Manuals allegedly used during the period(s) Petitioner Niceley has been in TDOC custody

- Any separate Manuals or written guidelines, used during the period(s) Petitioner Niceley has been in TDOC custody, for how to manually calculate a prisoner's release date

- Affidavits provided or depositions given by Candace Whisman and Amber Phillips regarding sentence calculations during the period(s) Petitioner Niceley has been in TDOC custody

- TOMIS knowledge-based rules that address sentencing calculations for consecutive sentences

- Communications between TDOC and Parole Board relating to Petitioner Niceley, to custodial parole hearings for Petitioner Niceley, or to results of the parole hearings for Petitioner Niceley

- Original receipt by TDOC of Petitioner Niceley's Judgments and sentencing information and processing thereof

- Review process for Petitioner Niceley's sentences; frequency of review; and identification of when and how any changes were made

- Identification of reasons for the nearly five-year delay after Petitioner Niceley's sentencing in 1994 before Candace Whisman notified the trial judge in 1999

14

that TDOC had been calculating one of the sentences at 100%, contrary to the judgment document (Attachment 9)

- TDOC review process and sentence calculations for Petitioner Niceley's Amended Judgments entered April 5, 1999, and July 9, 1999; for the November 27, 2017 Order to Correct Discrepancies; and for the Amended Judgments entered December 7, 2022

- Identification of reasons for Petitioner Niceley's inaccurate and incomprehensible eTOMIS sentencing reports

- Identification how TDOC accounts for and addresses Tenn. Code Ann. § 40-35-501(m) in calculating inmates sentences and, in particular, Petitioner Niceley's consecutive sentences

- Identification how TDOC accounts for and addresses *Stewart v. Schofield*, 368 S.W.3d 457 (Tenn. 2012), in calculating inmates sentences and referring inmates to the Parole Board and, in particular, Petitioner Niceley's sentences and referrals to the Parole Board

- Identification of which Administrative Policies and Procedures of the Tennessee Department of Correction address sentence calculation procedures and guidelines for consecutive alignment of sentences

(*Id.* at PageID# 961–62.)

The Court finds that Niceley has not carried his burden to show that the requested discovery is material to his claims in this action. *See Williams*, 380 F.3d at 974. As TDOC points out, Niceley "does not articulate how the wide variety of documents, information, and interrogatories [he seeks] from TDOC and the Tennessee Board of Parole will demonstrate that his sentence has expired, nor does he explain how any of his requested discovery relates to the specific claims in his habeas petition." (Doc. No. 31, PageID# 1162.) Instead, Niceley identifies general issues in sentence calculation that have been investigated in other states, addressed by other courts, or reviewed in the context of other people's sentences. While such information could be marshalled as persuasive authority in support of his own claims, Niceley does not take the necessary step of demonstrating that relevance. The justification Niceley articulates in his motion is the kind of fishing expedition

Rule 6(a) does not allow. Niceley has not satisfied Rule 6(a)'s required fact-specific showing of good cause for the discovery he seeks, and his motion must be denied.[5]

## IV. Conclusion

For these reasons, Niceley's motion for permission to pursue discovery (Doc. No. 28) is DENIED.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge

---

[5] TDOC argues in the alternative that Niceley "is not entitled to expand the record via discovery" because the Chancery Court adjudicated Niceley's claims on the merits and, under the Supreme Court's opinion in *Cullen v. Pinholster*, 563 U.S. 170 (2011), "this Court's review of the record is limited to the record that was before the state court". (Doc. No. 31, PageID# 1158.) The Court is not persuaded by this argument. The Supreme Court held in *Pinholster* "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. at 181. However, "*Pinholster* did not, strictly speaking, alter or even speak to the standards governing discovery set forth in Rule 6 of the Rules Governing Section 2254 Cases and *Bracy v. Gramley*[.]" *Conway v. Houk*, No. 2:07-cv-947, 2011 WL 2119373, at *3 (S.D. Ohio May 26, 2011); *see also Pike v. Johnson*, No. 1:12-cv-35, 2013 WL 2457718, at *3 (E.D. Tenn. June 6, 2013) ("While *Cullen v. Pinholster* limits the scope of review under § 2254(d)(1), it says nothing about the court's discretion to allow discovery."). "There is no clear guidance from either the Supreme Court or the Sixth Circuit regarding how *Pinholster* applies to the availability of discovery in federal habeas proceedings." *Williams v. Houk*, No. 4:06 CV 451, 2012 WL 6607008, at *4 (N.D. Ohio Dec. 18, 2012). "That is reason enough to refrain from invoking *Pinholster*'s restrictions at the discovery phase." *Conway*, 2011 WL 2119373, at *3. Moreover, "it may turn out that Petitioner never seeks to add to the record information learned through discovery or that the Court" determines that other circumstances exist allowing the Court to "consider additional evidence to determine whether habeas corpus relief should issue" consistent with *Pinholster*. *Id.*