UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HUGH ANDREW NICELEY,<br><br>　　　Petitioner,<br><br>v.<br><br>TENNESSEE DEPARTMENT OF CORRECTION,<br><br>　　　Respondent. | Case No. 3:22-cv-00242<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

Petitioner Hugh Andrew Niceley, who is incarcerated in the custody of the Tennessee Department of Correction (TDOC), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 alleging that TDOC miscalculated his criminal sentences and has continued to incarcerate him past his last sentence expiration date. (Doc. No. 1.) TDOC has answered Niceley's petition (Doc. No. 20), and Niceley has filed a reply (Doc. No. 27). Niceley has also filed a motion for summary judgment (Doc. No. 45) and supporting statement of undisputed material facts (Doc. No. 46). TDOC has responded in opposition to Niceley's motion for summary judgment (Doc. No. 47), and Niceley has filed a reply (Doc. No. 49). Niceley has also moved to strike TDOC's responses to his statement of undisputed material facts (Doc. No. 48).

The Court referred this action to the Magistrate Judge "for decision on all nondispositive matters, and for a Report and Recommendation on dispositive matters." (Doc. No. 6.) Because Niceley has not shown that his claims warrant relief under § 2241, the Magistrate Judge will

recommend that the Court deny Niceley's habeas petition. The Magistrate Judge will recommend that the Court also deny Niceley's motion for summary judgment and motion to strike.

I. **Relevant Background**

   A. **State Court Proceedings**

The Tennessee Court of Appeals summarized Niceley's sentencing proceedings as follows:

> On May 13, 1994, Hugh Niceley . . . was incarcerated after being found guilty of aggravated rape, aggravated sexual battery, and the rape of a child. One month later, the trial court sentenced [Niceley] to the custody of the Tennessee Department of Correction . . . for a total of 56 years. The court ordered [Niceley] to serve the sentences in four consecutive terms: the first for 15 years; the second for 15 years; the third for eight years; and the fourth for 15 years.[1] As a Range I offender, [Niceley] would be eligible for parole after serving 30% of each sentence.
>
> In 1999, the trial court amended [Niceley's] sentence for child rape by clarifying that [Niceley] was required to serve 100% of his sentence for child rape to comply with Tenn. Code Ann. § 39-13-523.[2]
>
> In or around 2003, [Niceley] filed a petition for post-conviction relief, alleging ineffective assistance of counsel. In 2006, the trial court granted the petition and ordered a new trial. Shortly thereafter, [Niceley] was released on bond. In February 2008, however, the Court of Criminal Appeals reversed the trial court's order, and [Niceley's] bond was revoked. *See Nicely v. State*, No. M2006-01892-CCA-R3-PC, 2008 WL 544600, at *5 (Tenn. Crim. App. Feb. 22, 2008).[3]
>
> Several years later, [Niceley] moved to set aside the 1999 amended judgment for child rape, arguing that it was illegal. The trial court determined that [Niceley] was required by statute to serve 100% of the sentence and denied the motion. The Court of Criminal Appeals affirmed the decision. *See State v. Niceley*, No. M2017-02535-CCA-R3-CD, 2019 WL 413741, at *2 (Tenn. Crim. App. Feb. 1, 2019).

---

1 "[Niceley] was originally convicted on seven counts of aggravated rape but four were set aside on appeal. The length and sequence of his prison terms were not altered by the reversal." *Niceley v. Tenn. Dep't of Corr.*, No. M2019-02156-COA-R3-CV, 2020 WL 6581831, at *1 n.2 (Tenn. Ct. App. Nov. 10, 2020) (citing *State v. Nicely*, No. 01C01-9506-CC-00160, 1996 WL 233985, at *5 (Tenn. Crim. App. May 9, 1996)).

2 "Tennessee Code Annotated § 39-13-523 provides in relevant part that 'persons convicted of rape of a child . . . shall be required to serve the entire sentence imposed.'" *Niceley*, 2020 WL 6581831, at *1 n.3 (quoting Tenn. Code Ann. § 39-13-523(a)(2) and (b)).

3 Niceley's name is alternately spelled "Nicely" in some state court opinions.

*Niceley*, 2020 WL 6581831, at *1.

In September 2018, Niceley filed a pro se "petition for declaratory judgment in the Davidson County Chancery Court[,]" arguing that TDOC "made various errors in calculating his sentence" and that, contrary to TDOC's calculations, "his last sentence would expire in October 2018." *Id.* TDOC opposed Niceley's petition, arguing that Niceley "was still serving his third prison term." *Id.* TDOC moved for summary judgment on Niceley's petition in May 2019. *Id.* "In its Memorandum and Order of November 4, 2019, the trial court found no dispute over the material facts, determined that [TDOC] was entitled to judgment as a matter of law, and entered judgment accordingly." *Id.* at *2.

Niceley filed a pro se appeal, raising four issues:

(1) Whether the first sentence became effective on the date the district attorney filed the judgment, or whether it became effective on the date calculated by [TDOC]?

(2) Whether either [TDOC] or the trial court had jurisdiction over the amended judgment for count 9?

(3) Whether the Board of Parole conducted custodial parole hearings on counts 1, 2, 3, and 8, without legal authority and jurisdiction of those counts?

(4) Whether TDOC correctly calculated [Niceley's] sentences?

*Id.*

The Tennessee Court of Appeals analyzed Niceley's claims as follows:

### I. EFFECTIVE DATE

[Niceley's] first issue concerns the date that his first sentence began to run. When calculating his sentences, [TDOC] used a "sentence effective date" of May 13, 1994. [Niceley] contends that his sentence did not "commence" until his judgments became final in February 1995; however, [Niceley] does not dispute that he received credit for the time he served before and after February 1995. Accordingly, if identifying May 13, 1994, as the sentence effective date was an error, the error was immaterial, and "appellate courts 'will not reverse for immaterial errors.'" *Arnold v. Ford*, No. 01-A-01-9505-CV-00203, 1995 WL 611280, at *4 (Tenn. Ct. App. Oct. 19, 1995) (quoting *State v. Delinq. Taxpayers*, 26 Tenn. App. 62 (1942)).

## II. AMENDED JUDGMENT

Next, [Niceley] contends that both [TDOC] and the trial court lacked "jurisdiction of" the 1999 amended judgment. This argument is not only immaterial, but it is also barred by the doctrine of res judicata. *See Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) ("The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." (citations omitted)). As stated, the Court of Criminal Appeals ruled that [Niceley] must serve 100% of his sentence for child rape. *See Niceley*, 2019 WL 413741, at *2 ("[I]t is without question the sentence in Count 9 for . . . was to be served at 100 percent."). Accordingly, the amended judgment did not change the length or sequence of [Niceley's] prison terms, only [Niceley's] eligibility for parole.

## III. BOARD OF PAROLE HEARINGS

[Niceley's] third issue regards the jurisdiction of the Board of Parole to conduct "custodial parole" hearings. Like the first two issues, this issue is immaterial to whether [Niceley] was entitled to be released in October 2018.

According to [Amber Phillips, Assistant Director of TDOC's Sentence Management Services], custodial parole hearings are provided to inmates who "have a sentence of 100% consecutive to a sentence with a release eligibility date." The legislature has delegated authority to the Board of Parole to determine the date an inmate will begin service of a consecutive sentence when the inmate has been "sentenced to consecutive sentences which require custodial parole consideration." Tenn. Code Ann. § 40-20-110(b)(1).

[Niceley] had three parole hearings prior to October 2018 and was denied parole at all three hearings. Thus, the Board's actions had no effect on [Niceley's] sentence expiration dates.

## IV. PERIODS OF INELIGIBILITY

[Niceley] contends [TDOC] failed to calculate each sentence's period of "ineligibility for release." [Niceley] contends this is significant because "each sentence . . . immediately commences upon completion of the preceding sentence's period of ineligibility for release." We disagree.

Inmates convicted of felonies and serving sentences of over two years in confinement "are entitled to . . . consideration for early release upon attaining their 'release eligibility date.'" *Shorts v. Bartholomew*, 278 S.W.3d 268, 277 (Tenn. 2009) (emphasis added) (citing Tenn. Code Ann. § 40-35-501). The "release eligibility date" is "the earliest date an inmate convicted of a felony is eligible for parole." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012). For inmates serving consecutive sentences, "the periods of ineligibility for release are calculated for each sentence and are added together to determine the release eligibility date." Tenn. Code Ann. § 40-35-501(m).

> It is undisputed that [Niceley's] release eligibility date has passed. It is also undisputed that [Niceley] has received consideration for parole three times. Thus, the "periods of ineligibility for release" and [Niceley's] "release eligibility date" are no longer relevant. [Niceley] provides no authority for his conclusion that he was automatically entitled to begin serving his consecutive sentences upon the expiration of the prior ineligibility period. Periods of ineligibility for release are significant **only when determining whether an inmate is entitled to be considered for release on parole.** *See id.*; *Shorts*, 278 S.W.3d at 277.

*Id.* at *2–3 (some alterations in original) (footnote omitted). The court of appeals therefore affirmed the judgment of the trial court. *Id.* at *3.

The Tennessee Supreme Court denied Niceley's application for permission to appeal on April 7, 2021. *Niceley v. Tenn. Dep't of Corr.*, No. M2019-02156-SC-R11-CV, 2021 Tenn. LEXIS 199 (Tenn. Apr. 7, 2021).

### B. 28 U.S.C. § 2241 Petition

Niceley initiated this action on April 6, 2022, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 with the assistance of counsel. (Doc. No. 1.) Niceley "[does] not challeng[e] the validity of his convictions or sentences as imposed. Rather, [ ] Niceley is challenging TDOC's calculation of his five criminal sentences . . . and the impact of his sentence effective dates, release eligibility dates, and sentence expiration dates."[4] (*Id.* at PageID# 11, ¶ 11.) Niceley asserts that his continued incarceration beyond his last sentence expiration date violates the Fourteenth Amendment's Due Process Clause and the Eighth Amendment's prohibition of cruel and unusual punishment. (Doc. No. 1.) Specifically, Niceley claims:

---

[4] Niceley filed a separate petition under 28 U.S.C. § 2254 on his own behalf in January 2020, challenging the validity of his judgments and sentences. *See* Petition, *Niceley v. Parris*, No. 3:20-cv-00088 (M.D. Tenn. Jan. 31, 2020), ECF No. 1. The Court denied Niceley's § 2254 petition on April 8, 2024. *Niceley v. Parris*, No. 3:20-cv-00088, 2024 WL 1526128, at *5–6 (M.D. Tenn. Apr. 8, 2024).

5
Case 3:22-cv-00242    Document 52    Filed 08/18/25    Page 5 of 18 PageID #: 1354

A. The Tennessee Department of Correction failed to fulfill its responsibility to calculate the sentence expiration date and the release eligibility date for [ ] Niceley.

B. Despite that Tennessee Code Annotated section 40-35-501(m) requires TDOC to correctly calculate "the periods of ineligibility for release" for each consecutive sentence and add those periods together to determine the release eligibility date for the consecutive sentences, TDOC failed to do so for [ ] Niceley's sentences.

C. Despite that Tennessee Code Annotated section 41-21-236(b) provides that prisoner sentence reduction credits (PSRC) "shall affect release eligibility and sentence expiration dates," TDOC failed to calculate [ ] Niceley's release eligibility date in light of PSRC.

D. Despite that PSRC earned and retained may reduce an inmate's earliest release eligibility date by up to thirty percent (30%), Tenn. Code Ann. § 41-21-236(i), TDOC failed to calculate [Niceley's] release eligibility date with up to thirty percent (30%) of PSRC credited.

E. Tennessee Code Annotated section 40-20-110, dealing with custodial parole, does not apply to a prisoner, such as [ ] Niceley, who was sentenced under the Tennessee Sentencing Reform Act of 1989 and who is serving consecutive determinate sentences.

F. The Tennessee Board of Parole does not determine who is eligible for parole, does not calculate sentence expiration dates, and does not grant a date for a sentence to begin.

Summary of Supporting Facts: Appropriately calculated, [ ] Niceley's minimum sentence expiration date was July 12, 2018, and his maximum sentence expiration date was March 22, 2022.

(*Id.* at PageID# 12–13.)

TDOC filed an answer to Niceley's petition arguing that Niceley is not entitled to habeas relief (Doc. No. 20), and Niceley filed a reply (Doc. No. 27). Niceley's petition (Doc. No. 1) is ripe for the Court's review.[5]

---

[5] Niceley previously filed a motion for permission to conduct discovery (Doc. No. 28), which TDOC opposed (Doc. No. 31). The Magistrate Judge denied Niceley's motion for discovery on the ground that Niceley had not made the "fact-specific showing of good cause for the discovery he seeks" as required by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States

### C. Motion for Summary Judgment and Motion to Strike

On May 19, 2025, Niceley filed a motion for summary judgment "pursuant to [ ] Rule 12, Rules Governing Section 2255 Proceedings, Fed. R. Civ. P. 56, and LR 56.01, as the undisputed material facts demonstrate that TDOC did not correctly calculate or manage Mr. Niceley's sentences." (Doc. No. 45, PageID# 1279.) TDOC responded in opposition to Niceley's motion, arguing that a motion for summary judgment is not an appropriate vehicle for resolving claims made in a habeas petition because the requirement of Rule 56 that the Court resolve all factual inferences in the non-moving party's favor is inconsistent with AEDPA's requirement that a state court's determination of a factual issue be presumed correct. (Doc. No. 47.) TDOC also argued that several of Niceley's claims are now moot because he has finished serving the sentences that they address and that there has been no error the calculation of Niceley's sentences. (*Id.*) Niceley filed a reply rearticulating his arguments (Doc. No. 49) and a motion to strike TDOC's responses to Niceley's statements of undisputed material fact (Doc. No. 48) in which Niceley asks the Court to consider his statements of material fact to be undisputed for purposes of ruling on the motion for summary judgment. TDOC responded in opposition to Niceley's motion to strike (Doc. No. 51). Niceley did not file an optional reply.

## II. Analysis

### A. 28 U.S.C. § 2241 Petition

"Two statutes provide jurisdiction for state prisoners challenging the lawfulness of their confinement" in federal court. Brian R. Means, *Federal Habeas Manual* § 1:34 (2024). First, 28 U.S.C. § 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any

---

District Courts. (Doc. No. 38, PageID# 1196.) Niceley filed a motion for review of the Magistrate Judge's order (Doc. No. 41) that the Court overruled (Doc. No. 44).

justice thereof, the district courts and any circuit judge within their respective jurisdictions[,]" but "[t]he writ of habeas corpus shall not extend to a prisoner unless" "[h]e [or she] is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). Second, 28 U.S.C. § 2254(a) provides that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2254(a). Section 2241 thus "provides a general grant of habeas jurisdiction" while § 2254 "limits the grounds for habeas relief to people in custody pursuant to a state court judgment." *Rittenberry v. Morgan*, 468 F.3d 331, 333 (6th Cir. 2006). Because of this distinction, "[i]n general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

### 1. AEDPA's Application to Petitions for Relief Under Section 2241

"The question of whether a petitioner can proceed under § 2241, as opposed to § 2254, is a significant one." Means, *Federal Habeas Manual* § 1:34. This is, in part, because of "the procedural hurdles of the Antiterrorism and Effective Death Penalty Act [AEDPA] . . . codified in 28 U.S.C. §§ 2244 and 2254[.]" *Rittenberry*, 468 F.3d at 333. For example, § 2241 "does not include the one-year limitations period of § 2244(d)(1); the extremely deferential review standards of § 2254(d)(1), (2); or the limitation on successive petitions in § 2244(b)(2)." Means, *Federal Habeas Manual* § 1:34. Thus, reading only that statute's text would suggest that "[a] petitioner proceeding under § 2241 . . . does not need to overcome the[] procedural hurdles" imposed by AEDPA and could anticipate a less-restricted path to habeas relief than AEDPA affords those proceeding under § 2254. *Id.* (collecting authority).

However, "[t]he vast majority of courts"—including the Sixth Circuit—"have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his [or her] detention."[6] *Id.* These courts have construed § 2254 "as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the *judgment* of a state court." *Id.* (collecting authority).

In formally adopting this prevailing view, the Sixth Circuit held "that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to ADEPA's restrictions, even if [the statutory language] seems to indicate otherwise." *Rittenberry*, 468 F.3d at 337. Thus, the Sixth Circuit "allow[s] state prisoners to proceed under § 2241, but subject to the restrictions imposed by § 2254."[7] *Allen v. White*, No. 05-5166, 2006 WL 1716712, at *2 (6th Cir. June 22, 2006) (citing *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001)); *see also Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) ("We apply the § 2254 rules to an individual's post-judgement application even if he [or she] brings a § 2241 application."); *Hall v. State*, No. 3:12-cv-797, 2012 WL 3283487, at *1 (M.D. Tenn. Aug. 10, 2012) ("The Sixth Circuit allows state prisoners to challenge the execution of their sentences under

---

[6] "If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting other forms of custody that are possible without a conviction), he [or she] may proceed under 28 U.S.C. § 2241." Means, *Federal Habeas Manual*, § 1:34; *accord Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (holding that state pretrial detainee who was "in custody *pursuant to an indictment*" and "not 'pursuant to the judgment of a State court'" could pursue habeas relief under § 2241 without satisfying § 2254's restrictions).

[7] The Sixth Circuit has also noted that "there exists some question whether state prisoners may *ever* proceed under § 2241" "because § 2254 allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences." *Allen*, 2006 WL 1716712, at *2.

§ 2241, but subject to the restrictions imposed by § 2254." (quoting *Allen*, 2006 WL 1716712, at *2)).

TDOC argues that, because Niceley "is currently in custody under a state-court judgment, . . . § 2254 governs [his] petition and this Court 'must apply the deferential standard of review established by [AEDPA][.]'"[8] (Doc. No. 20, PageID# 838 (quoting *Saulsberry*, 937 F.3d at 648).) Niceley argues that § 2241 "provides jurisdiction to district courts" to hear habeas petitions from individuals incarcerated pursuant to state judgments "challenging the manner in which the[ir] sentence is executed or being served or by challenging the computation of parole or sentencing credits." (Doc. No. 27, PageID# 864.) But Niceley does not dispute that § 2254's deferential standards apply to his § 2241 claims.

This Court is bound by the Sixth Circuit's holding "that *all* petitions filed on behalf of persons in custody pursuant to State court judgements are . . . subject to AEDPA's restrictions[.]" *Rittenberry*, 468 F.3d at 337; *see also Saulsberry*, 937 F.3d at 647 ("We apply the § 2254 rules to an individual's post-judgment application even if he brings a § 2241 application."). There is no question that Niceley is incarcerated pursuant to a state court judgment and that the court of appeals considered Niceley's sentence calculation arguments on their merits. *See Niceley*, 2020 WL 6581831, at *1–3. Accordingly, Niceley's § 2241 petition is subject to AEDPA's deferential standards as codified in § 2254.

---

[8] At the time TDOC filed its answer to Niceley's § 2241 petition, Niceley's pro se § 2254 petition was still pending, and TDOC argued that Niceley "should present his claims challenging the calculation of his sentence[s] in the § 2254 proceeding." (Doc. No. 20, PageID# 838.) The Court has since denied Niceley's petition for a writ of habeas corpus under § 2254.

### 2. Application of AEDPA's Standards to Niceley's § 2241 Petition

Section 2254(d), as amended by AEDPA, provides that

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

Under § 2254(d)(1), a state court's decision is "contrary to" clearly established federal law only "if the state court applies a rule different from the governing law set forth in" the Supreme Court's holdings "or if it decides a case differently than" the Supreme Court has "on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). A state court's "decision is an unreasonable application of [the Supreme Court's] clearly established precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case[.]" *White v. Woodall*, 572 U.S. 415, 426 (2014). A state court's unreasonable application of Supreme Court precedent "'must be objectively unreasonable, not merely wrong; even clear error will not suffice.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *White*, 572 U.S. at 419); *see also Williams*, 529 U.S. at 411 ("[A] federal habeas court may not issue the writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.").

Under § 2254(d)(2), habeas relief is available if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(2). A state court's factual determinations "shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1); *see also Davis v. Ayala*, 576 U.S. 257, 271 (2015) ("State-court factual findings . . . are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'" (quoting *Rice v. Collins*, 546 U.S. 333, 338–39 (2006))).

"AEDPA, by setting forth [these] necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'" *White v. Wheeler*, 577 U.S. 73, 77 (2015) (quoting *Burt v. Titlow*, 571 U.S. 12, 19 (2013)); *see also Hardy v. Cross*, 565 U.S. 65, 66 (2011) (holding that AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt" (quoting *Felkner v. Jackson*, 562 U.S. 594, 598 (2011)). Its amendments to § 2244 and § 2254 enforce the principle "that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring)); *see also Woods*, 575 U.S. at 316. The AEDPA standard is difficult to meet "because it was meant to be." *Harrington*, 562 U.S. at 102; *see also Burt*, 571 U.S. at 20; *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Niceley has not addressed TDOC's argument that he cannot show the state court's judgment "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" under § 2254(d)(1) or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding" under § 2254(d)(2). 28 U.S.C. § 2254(d)(1)–(2). A cursory review of Niceley's arguments in support of his petition shows that he cannot meet either standard. Niceley cannot argue that the court of appeals unreasonably applied clearly established federal law because the court relied only on Tennessee law in its opinion. *See Niceley*, 2020 WL 6581831 at *1–*3. And Niceley simply does not argue that the court of appeals' decision runs afoul of any decision of the Supreme Court of the United States—he cites no decision from that court in his filings.

Niceley generally frames his claims in terms of constitutional error, relying on four decisions from lower federal courts for the uncontroversial proposition that detention after a term of incarceration has expired may violate the Eighth and Fourteenth Amendments.[9] (Doc. No. 13, PageID# 742–43.) But Niceley does not develop any argument to show how the court of appeals'

---

[9] These decisions do not demonstrate that the court of appeals acted contrary to clearly established federal law in Niceley's case. Three are decisions in § 1983 actions brought after state courts had determined the plaintiffs were held past their sentence terms. *See Jones v. Tilley*, 764 F. App'x 447 (6th Cir. 2019) (denying qualified immunity in § 1983 action and holding that the "right not to be detained past the expiration of [a] term of incarceration under the Fourteenth and Eighth Amendments" is "established 'beyond dispute'" but taking "no position on the underlying merits" of plaintiff's claim that prison officials acted with deliberate indifference in implementing state court's order to investigate and recalculate plaintiff's sentence); *Sample v. Diecks*, 885 F.2d 1099, 1118–19 (3d Cir. 1989) (affirming district court's judgment in favor of plaintiff in § 1983 action claiming Eighth Amendment violation when prison official mistakenly held plaintiff for nine months after the expiration of his sentence); *Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985) (recognizing that "[a] prisoner's petition for damages for excessive custody can be a legitimate § 1983 claim" and establishing procedures for such claims arising out of official practices and procedures as opposed to random acts); *Cooksey v. Leibach*, No. 3:14-CV-01105, 2014 WL 4175619, at *3 (M.D. Tenn. Aug. 20, 2014) (denying motion to dismiss § 2254 petition and finding that petitioner's claim that his sentence was calculated in violation of state law was "not based *solely* on state law" because "at this stage in the proceedings and in the absence of additional information, the Court construes the petition as asserting that the petitioner's constitutional rights have been violated because his sentence has already expired under state law but the state has refused to release him").

None of these cases addresses the application of federal law to the sentence calculation issues Niceley raises in his petition.

determination that his final sentence has not yet expired was contrary to or an unreasonable application of clearly established federal law. Instead, Niceley's arguments are firmly grounded in the state court's application of Tennessee law and a general skepticism of the state court's factual conclusions. (*See, e.g.*, Doc. No. 13, PageID# 742 ("This excessive detention results from an arbitrary and capricious interpretation of Tennessee law in two respects.").)

Specifically, Niceley argues that "[t]he Court of Appeals' interpretation of [Tenn. Code Ann.] § 40-20-110(b)(1) conflicts with *Stewart v. Schofield*, 368 S.W.3d 457, 467 n.20 (Tenn. 2012)," a decision of the Tennessee Supreme Court. (*Id.* at PageID# 770.) Niceley also challenges the court of appeals' conclusion that

> [i]t is undisputed that [Niceley's] release eligibility date has passed. It is also undisputed that [Niceley] has received consideration for parole three times. Thus, the "periods of ineligibility for release" and [Niceley's] "release eligibility date" are no longer relevant. [Niceley] provides no authority for his conclusion that he was automatically entitled to begin serving his consecutive sentences upon the expiration of the prior ineligibility period. Periods of ineligibility for release are significant only when determining whether an inmate is entitled to be considered for release on parole.

(Doc. No. 13, PageID# 770–71 (quoting *Niceley*, 2020 WL 6581831, at *3).) Niceley argues that "[i]t remains unclear how an expired release eligibility date that TDOC never computed and unauthorized custodial parole hearings somehow render the continued detention of Petitioner Niceley harmless." (*Id.*)

Niceley's first argument fails because "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Moreland v. Bradshaw*, 699 F.3d 908, 922 (6th Cir. 2012) (holding that "state-law issues . . . are not cognizable in federal habeas review"). "[I]nterpretation of state statutory law is not a proper function for a federal court under its habeas corpus jurisdiction absent some question of the constitutionality of the statute." *Maddux v. Rose*, 483 F. Supp. 661, 666 (E.D.

Tenn. 1980), *aff'd*, No. 80-1133, 627 F.2d 1091 (6th Cir. July 16, 1980) (unpublished table decision). Niceley does not argued that the court of appeals' interpretation of Tennessee statutory law violates clearly established federal law. He argues only that the court of appeals' statutory interpretation conflicts with the Tennessee Supreme Court's opinion in *Stewart*, a case decided purely on state law grounds.[10] *See* 368 S.W.3d at 463–67. That argument is "not cognizable in federal habeas review." *Moreland*, 699 F.3d at 922.

As for his second claim, Niceley has not developed any argument or cited authority or evidence to show that the court of appeals' conclusion regarding the significance of periods of ineligibility for release under Tennessee law is an unreasonable application of clearly established federal law or rests on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Niceley argues only that it is "unclear" how the court of appeals could conclude that his continued detention was "harmless." (Doc. No. 13, PageID# 770–71.) But AEDPA requires a habeas petitioner to identify a clear violation or unreasonable application of federal law. And the Sixth Circuit has repeatedly explained that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." *United States v. Fowler*, 819 F.3d 298, 309 (6th Cir. 2016) (second alteration in original) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)); *see also McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (holding that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regul. Comm'n*, 59 F.3d 284, 293 (1st Cir. 1995))).

---

10    Niceley's reply reiterates his argument that the court of appeals misinterpreted Tennessee statutory law under Tennessee Supreme Court precedent. (Doc. No. 27.)

Niceley develops no argument to support his general statement of skepticism to show that this claim gives rise to habeas relief.

Because Niceley has not argued that his claims meet the standard for relief under § 2241, as applied under AEDPA, and because the arguments he does make do not meet that exacting standard, Niceley's petition for a writ of habeas corpus under § 2241 cannot succeed.

B.  **Motion for Summary Judgment and Motion to Strike**

In his motion for summary judgment, Niceley repackages the arguments made in support of his § 2241 petition in the language of Federal Rule of Civil Procedure 56. Specifically, Niceley argues that he is entitled to summary judgment under Rule 56 "because there is no dispute regarding the material facts of what TDOC did and did not do in managing and calculating [his] sentences, and those actions and inactions demonstrate his sentences were miscalculated in violation of state law, resulting in his unconstitutional detention beyond his sentence expiration date." (Doc. No. 45, PageID# 1280.) Niceley's motion for summary judgment fails for two reasons.

As TDOC argues in response, "although the Federal Rules of Civil Procedure may apply to habeas proceedings . . . motions for summary judgment are not appropriate or necessary in the habeas context, especially when the motion seeks the same relief as that sought in the habeas petition." *Teitelbaum v. Turner*, No. 18-3936, 2019 WL 4891169, at *4 (6th Cir. Feb. 13, 2019). First, "the entire premise of a motion for summary judgment—to determine the existence of factual issues that will require a trial—is foreign to a petition for a writ of habeas corpus," where federal courts may hold evidentiary hearings only in limited circumstances and petitions are regularly decided only on the state-court record. *Malone v. Lebo*, No. 2:15-cv-02173, 2017 WL 11717921, at *2 (W.D. Tenn. Jan. 31, 2017). And second, "[a] court cannot simultaneously assess all facts in the record in the light most favorable to the nonmovant" as Rule 56 requires "and accept as true

16

Case 3:22-cv-00242    Document 52    Filed 08/18/25    Page 16 of 18 PageID #: 1365

the state court's factual findings based on that same record." *Morrow v. Genovese*, No. 2:22-cv-02125, 2023 WL 8892987, at *4 (W.D. Tenn. Dec. 26, 2023) (quoting *Mendoza v. Pollard* No. 20-cv-0847, 2021 WL 2588155, at *8 (S.D. Cal. June 24, 2021)); *see also* Means, *Federal Habeas Manual* § 8:36 ("[T]he presumption of correctness in § 2254(e)(1) overrides the ordinary summary judgment principle that disputed facts are to be resolved in favor of the nonmoving party.") (collecting cases).

Nicely does not respond to TDOC's arguments or otherwise address the propriety of a motion for summary judgment in a habeas proceeding in his reply brief. Nicely simply does not address Rule 56's application in habeas proceedings at all. Because Nicely has given the Court no reason to find—against considerable authority—that his Rule 56 motion is viable, the Court should deny the motion and the accompanying motion to strike TDOC's response to Nicely's statement of undisputed material facts.

**III.     Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Niceley's petition for a writ of habeas corpus under § 2241 (Doc. No. 1), motion for summary judgment (Doc. No. 45), and motion to strike TDOC's responses to his statement of undisputed material facts Doc. No. 48) be DENIED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 18th day of August, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge