# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| HUGH ANDREW NICELEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:22-cv-00242 |
| TENNESSEE DEPARTMENT OF | ) | Judge Aleta A. Trauger |
| CORRECTION, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

The Magistrate Judge to whom this case has been referred pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) has issued a Report and Recommendation ("R&R") (Doc. No. 52), recommending that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Doc. No. 1), the Motion for Summary Judgment (Doc. No. 45), and the Motion to Strike (Doc. No. 48) filed by petitioner Hugh Niceley be denied and that this case be dismissed.

Niceley, through counsel, filed timely Objections (Doc. No. 56) to the R&R and, with the court's permission, a delayed Memorandum in Support of his Objections (Doc. No. 59). Respondent, the Tennessee Department of Correction ("TDOC"), filed a Response to the Objections. (Doc. No. 61.)

For the reasons set forth herein, the Objections will be overruled in their entirety. The Petition, the Motion for Summary Judgment, and the Motion to Strike will be denied, and this case will be dismissed.

## I.     STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a

dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## II.    BACKGROUND

### A.    Procedural History

Niceley is a prisoner in state custody serving a prison term for convictions for aggravated rape, aggravated sexual battery, and child rape. (*See* Judgments, Doc. No. 1-1.) He does not, in his

present Petition, challenge the validity of his convictions or the sentences as imposed. (Doc. No. 1 at 11.) Rather, his Petition under 28 U.S.C. § 2241 "challeng[es] how his sentences are being calculated by TDOC." (*Id.* at 5.) More specifically, he claims that his sentences have expired and that, as a result, he is being detained in violation of his "due process liberty interest in being released when a sentence expires and in violation of the Eighth Amendment ban on cruel and unusual punishment by being detained beyond his sentence expiration date." (*Id.* at 11–12.)

In support of this claim, he argues that TDOC failed in its responsibility to properly calculate his sentence expiration date and release eligibility date in accordance with Tennessee law. (*Id.* at 12–13 (citing Tenn. Code Ann. §§ 40-35-501(m), 41-21-236(b) & (i), 40-20-110); *see also* Mem. Supp. Petition, Doc. No. 13 at 3 ("[TDOC] has violated Petitioner Niceley's Eighth Amendment right to be free from cruel and unusual punishment by detaining him beyond his sentence expiration date. This excessive detention results from an arbitrary and capricious interpretation of Tennessee law . . . ." (citing same provisions of the Tennessee Code and *Jones v. Tilley*, 765 F. App'x 447 (6th Cir. 2019)).) TDOC filed a Response in opposition to the Petition, and Niceley filed a Reply. (Doc. Nos. 20, 34.)

Niceley also moved for summary judgment on the grounds that "the undisputed material facts demonstrate that TDOC did not correctly calculate or manage [his] sentences." (Doc. No. 45 at 1.) TDOC responded by arguing, among other things, that summary judgment is not a proper vehicle for addressing claims raised in a habeas petition. (Doc. No. 47 at 1.) Niceley moved to strike TDOC's Response to his Statement of Undisputed Material Facts on the grounds that it did not comply with Local Rule 56.01(e). (Doc. No. 48.)

The R&R summarizes the complex and protracted state court proceedings leading up to Niceley's conviction and sentences and the history of his state court claims arising from the alleged

miscalculation of his sentence release eligibility and expiration dates. (Doc. No. 52 at 3–5.) In the R&R, the Magistrate Judge first finds that the restrictions imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in 28 U.S.C. §§ 2244 and 2254, apply to all habeas petitions filed on behalf of persons in state custody pursuant to state court judgments, including petitions filed under § 2241. (*Id.* at 10 (citing *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006)).)[1]

Next, the R&R explains the rigorous standard of review required by AEDPA and, applying those standards to Niceley's petition, concludes that Niceley fails to show that the state court's judgment was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that it "resulted in a decision that was based on an unreasonable determination of the fact in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). (*See* Doc. No. 52 at 12–13.) While the R&R recognizes that Niceley's petition "generally frames his claims in terms of constitutional error, relying on four decisions from lower federal courts for the uncontroversial proposition that detention after a term of incarceration has expired may violate the Eighth and Fourteenth Amendments," it also finds that Niceley fails to show how the Tennessee Court of Appeals' determination that his final sentence has *not* expired is "contrary to or an unreasonable application of clearly established federal law." (*Id.* at 13–14.) Instead, as the Magistrate Judge

---

[1] As the Magistrate Judge also noted, it is unclear whether prisoners in custody pursuant to a state court judgment may ever proceed under 28 U.S.C. § 2241. *See, e.g.*, *Saulsberry*, 937 F.3d at 646–47 ("[W]e review post-judgment petitions under § 2254. . . . Inmates with final state court judgments thus must travel down the § 2254 road . . . ."); *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) ("Federal prisoners who wish to collaterally challenge the execution of their sentences must petition for relief under § 2241. The same is not true of state prisoners who proceed under § 2254, because § 2254 allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences. And indeed, there exists some question whether state prisoners may ever proceed under § 2241.").

correctly points out, Niceley specifically and exclusively relies on *state* law for his argument that TDOC (and the Tennessee courts) miscalculated his sentence. (*See id.* at 14 (citing, *e.g.*, Doc. No. 13 at 3 ("This excessive detention results from an arbitrary and capricious interpretation of Tennessee law in two respects.")).) But "federal habeas corpus relief does not lie for errors of state law." (*Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).)

Regarding each of Niceley's separately articulated claims relating to the computation of his sentence, the calculation of periods of release eligibility and sentence expiration date for each count of conviction, the application of prisoner sentence reduction credits ("PSRC"), the inapplicability of custodial parole, and the Tennessee Board of Parole's role in determining (or not) these issues, the R&R also finds that Niceley fails to show that the Tennessee Court of Appeals' resolution of these issues involved "an unreasonable application of clearly established federal law or . . . an unreasonable determination of the facts." (*Id.* at 15.) The R&R recommends that Niceley's petition be denied.

The R&R characterizes Niceley's Motion for Summary Judgment as simply "repackage[ing] the arguments made in support of his § 2241 petition" and recommends that the motion be denied on the grounds that (1) motions for summary judgment under Federal Rule of Civil Procedure 56 are not an appropriate vehicle for resolving claims made in a petition for the writ of habeas corpus, particularly when the motion seeks the same relief as the petition; and (2) "'[a] court cannot simultaneously assess all facts in the record in the light most favorable to the nonmovant' as Rule 56 requires 'and accept as true the state court's factual findings based on that same record.'" (*Id.* at 16–17 (quoting *Morrow v. Genovese*, No. 2:22-cv-02125, 2023 WL 8892987, at *4 (W.D. Tenn. Dec. 26, 2023)).) Further, the R&R recommends that, because the

summary judgment motion is not "viable," the court should also deny the Motion to Strike. (*Id.* at 17.)

**B.     The Objections**

Niceley objects to the Magistrate Judge's characterization of his claims as framed wholly in terms of violations of state law, arguing that he clearly frames his claims "in terms of constitutional error" and, more specifically, as violations of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. (Doc. No. 59 at 2.) He then devotes a substantial portion of his Memorandum to arguing about exhaustion, an issue raised by TDOC's Response to his Petition but not one addressed in the R&R. Third, he argues that a violation of state law may warrant habeas relief when "such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution" and where the state court's "interpretation is untenable or amounts to an obvious subterfuge to avoid federal review of a constitutional violation." (*Id.* at 5 (citations omitted).) He then re-argues largely verbatim the arguments raised in his Petition as to how TDOC and the state courts erred both in calculating his release eligibility and sentence expiration dates to re-assert that his constitutional right not to be detained past the expiration of his sentence of incarceration has been violated.

TDOC responds in opposition to the Objections, generally arguing that the Magistrate Judge did not err and that the R&R should be adopted, that Niceley's Objections raise new arguments that are waived for not having been raised before the Magistrate Judge, and that his objection to the denial of his summary judgment motion amounts to nothing more than a general, conclusory objection.

**III.    DISCUSSION**

The court has reviewed *de novo* the arguments raised in Niceley's Petition and the Magistrate Judge's resolution of his claims and finds no error in the R&R. It is simply beyond

purview that, although the Petition refers generally to a violation of federal law based on Niceley's purportedly having been detained past his sentence expiration date, the Petition is devoted entirely to showing how the computation of his sentence and the calculation of periods of release eligibility and sentence expiration date for each count of conviction were in violation of state law. While incarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation, decisions regarding parole and sentence credits and the "actual computation" of a prisoner's prison term are "a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (citing *Estelle*, 502 U.S. at 68). The R&R also correctly concludes that summary judgment is not an appropriate means of resolving claims raised in a habeas petition. Regardless, Niceley's summary judgment arguments mirror those raised in his habeas petition. Because the habeas petition must be denied, the summary judgment motion necessarily fails as well, and the Motion to Strike must be denied as moot.

Even if this court were to reach the substance of Niceley's arguments, the record is clear that he is not being held past his sentence expiration date. A state prisoner has no constitutional right either to parole or to PSRC. *See Fontanez v. Rardin*, No. 24-1421, 2025 WL 1383403, at *1 (6th Cir. Jan. 28, 2025) ("'[T]here is no constitutional or inherent right' to early release." (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)); *Hammonds v. Long*, No. 3:18-cv-00799, 2018 WL 4220703, at *2 (M.D. Tenn. Sept. 4, 2018) ("[I]nmates have no constitutional right to earn sentence credits or to any other early release from a lawfully imposed sentence."). Niceley was convicted in 1994 and given an effective sentence—once all appeals were resolved—of 53 years' incarceration. *State v. Nicely*,[2] No. 01C01-9506-CC-00160, 1996 WL

---

[2] The correct spelling of the petitioner's last name is "Niceley," but it has been spelled "Nicely" in some state court proceedings.

233985, at *5 (Tenn. Crim. App. May 9, 1996); *Nicely v. State*, No. M2006-01892-CCA-R3-PC, 2008 WL 544600, at *1 (Tenn. Ct. Crim. App. Feb. 22, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008).[3] That 53 years, with no parole and no PSRC applied, would not expire until 2047. He therefore has no colorable basis for arguing that he is being held beyond the full expiration of his sentence in violation of the Eighth or Fourteenth Amendment to the U.S. Constitution. *Accord, e.g.*, *Kipen*, 65 F. App'x at 959 (observing that a petitioner's sentence does not "fully expire until he has served his combined maximum sentence . . . , less any good-time credits," regardless of parole eligibility); *Lewis v. Jones*, No. 1:04-CV-398, 2007 WL 1287761, at *4 (W.D. Mich. May 2, 2007) (recognizing that "incarcerating a prisoner beyond the expiration of his maximum sentence can justify habeas relief" but holding that, to obtain relief, the petitioner "must demonstrate that he is being incarcerated beyond the expiration of his maximum possible sentence" (citing *Kipen*, 65 F. App'x at 959)).

Even assuming that the state may have "create[d] a liberty interest" in release credits "protected by the Due Process Clause through its enactment of certain statutory or regulatory measures," *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) (quoting *Hewitt v. Helms*, 459 U.S. 460, 469 (1983)), Niceley does not present any argument that his PSRC has been miscalculated, and, in any event, the record indicates that he has received PSRC.[4]

---

[3] He received a 15-year sentence on count 1; 15 years on counts 2 and 3, to run concurrently with each other but consecutively to count 1; 8 years on count 8, to be served consecutively to counts 2 and 3; and 15 years on count 9, to be served consecutively to count 8. He was not granted parole on any of the counts for which he had parole eligibility. *See Niceley v. Tenn. Dep't of Corr.*, No. M2019-02156-COA-R3-CV, 2020 WL 6581831, at *3 (Tenn. Ct. App. Nov. 10, 2020) ("Petitioner had three parole hearings prior to October 2018 and was denied parole at all three hearings.").

[4] The Affidavit of Amber Phillips, TDOC Assistant Director of Sentence Management Services, reflects that Niceley received PSRC of 1,793 days toward the sentence on count 1; 1,862 days for counts 2 and 3; and 672 days on count 8. (Doc. No. 1-10 at 41, 43.) Data on credits toward

In sum, the court finds no error in the R&R and no merit to Niceley's Objections.

**IV.    CONCLUSION**

For the reasons set forth herein, the plaintiffs' Objections (Doc. No. 56) will be overruled, and the R&R (Doc. No. 52) will be accepted in its entirety. Accordingly, Niceley's Petition (Doc. No. 1), his Motion for Summary Judgment (Doc. No. 45), and his Motion to Strike (Doc. No. 48) will be denied, and this case will be dismissed.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge

---

his sentence for count 9 were not yet available when the state court proceedings challenging Niceley's sentence computation took place.